UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-2690-MWF (MARx)          **Date:** June 23, 2023
<u>Title:     Foundry IV Inc. v. Hard Carry Gaming Inc. et al</u>

**Present:** <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge     </u>

         Deputy Clerk:                            Court Reporter:
         Rita Sanchez                            Not Reported

         Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
         None Present                            None Present

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE

       This action was removed to this Court on April 10, 2023. (Docket No. 1). On May 10, 2023, Plaintiff filed a Motion to Remand (the "Motion") set for hearing on June 12, 2023. (Docket No. 16). On May 22, 2023, Defendant filed an opposition to the Motion. (Docket No. 17). On May 26, 2023, Plaintiff filed a reply in support of the Motion. (Docket No. 18). On May 28, 2023, Plaintiff filed a First Amended Complaint ("FAC") without seeking leave from the Court. (Docket No. 20). The Court thereafter converted the hearing on the Motion to a status conference.

       At the status conference, the Court informed the parties that it intended to issue an order to show cause to Defendants on why the FAC should not affect the Court's jurisdictional analysis.

       The Court recognizes that the original complaint is controlling for the purposes of the Motion. *See* C. Wright & A. Miller, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3739 (Rev. 4th ed. 2023) ("Whether an action should be remanded to state court must be resolved by the district court with reference to the complaint, the notice of removal, and the state-court record at the time the notice of removal was filed.").

       Based on the allegations in Plaintiff's complaint, it appears that the Court has federal jurisdiction over the action because Plaintiff's unfair competition claim is preempted by the Copyright Act. *See Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 979 (9th Cir. 2011). First, as alleged in the complaint, the subject matter of

---

**CIVIL MINUTES—GENERAL**                      1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 23-2690-MWF (MARx) | **Date:**  June 23, 2023 |
| **Title:**     Foundry IV Inc. v. Hard Carry Gaming Inc. et al | |

Plaintiff's unfair competition claim falls within the subject matter of the Copyright Act because Plaintiff's concept for Suite Series had been fixed in a tangible medium through both a press release and a tweet prior to the alleged infringement.  *See id.* at 979.  Second, Plaintiff's unfair competition claim asserted rights equivalent to the exclusive rights of copyright holders because the gravamen of the complaint is that Defendants copied Plaintiff's idea for Suite Series, not that Defendants breached an implied contract.  *See Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1250 (W.D. Wash. 2007).  The complaint did not include allegations to adequately support a *Desny* implied contract claim because there were no allegations that Defendants voluntarily accepted any conditions or obligation to compensate Plaintiff in order to hear Plaintiff's concept for Suite Series.  *See Jordan-Benel v. Universal City Studios, Inc.*, No. CV 14-5577-MWF (MRWx), 2015 WL 9694896, at *3 (C.D. Cal. Feb. 13, 2015).

     Assuming the Motion to Remand is denied, the Court sees no valid reason to deny Plaintiff leave to file the FAC.  Upon review of the FAC, it appears that Plaintiff added allegations that sufficiently allege the elements of a *Desny* claim, suggesting the unfair competition claim would no longer be preempted by the Copyright Act.  Based on the FAC, the Court is not inclined to exercise supplemental jurisdiction over the asserted claims, even though it has federal question jurisdiction over the unfair competition claim as asserted in the original complaint.

     However, because the issue of supplemental jurisdiction was not briefed, the Court determines it is appropriate to give the parties an opportunity to address the issue of whether the Court should exercise supplemental jurisdiction over the FAC.

     Defendants are therefore **ORDERED** to show cause why, assuming the Court denies the motion to remand and grants leave to file the FAC, the Court should exercise supplemental jurisdiction over the unfair competition claim as amended, which appears to raise issues of purely state law.  Defendants shall file a response by **July 3, 2023**.  Plaintiff shall file a reply by **July 17, 2023**.  The Court will hold a remote hearing on the Order to Show Cause on **July 31, 2023,** at **9:30 a.m.**

     IT IS SO ORDERED.